MAXINE R. STANSELL, WA Bar No. 9418
mstansell@ftc.gov
JULIE K. MAYER, WA Bar No. 34638
jmayer@ftc.gov
Federal Trade Commission
915 2nd Ave., Suite 2896, Seattle, WA 98174
(206) 220-4474 (Stansell); (206) 220-4475 (Mayer)
(206) 220-6366 (fax)
LOCAL COUNSEL
MARICELA SEGURA, CA Bar No. 225999
msegura@ftc.gov
10877 Wilshire Blvd., Suite 700, Los Angeles, CA 90024
(310) 824-4343 (phone)
(310) 824-4330 (fax)
ATTORNEYS FOR PLAINTIFF FEDERAL TRADE COMMISSION

FILED
CLERK, U.S. DISTRICT COURT

March 24, 2016

CENTRAL DISTRICT OF CALIFORNIA
BY: _____VPC_____ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** ) <br><br> **Plaintiff,** ) <br><br> **vs.** ) <br><br> **TELESTAR CONSULTING, INC.,** <br> **also d/b/a Kleritec and United** <br> **Business Supply; and KARL** <br> **WESLEY ANGEL, individually and** <br> **as a principal of Telestar Consulting,** <br> **Inc.,** ) <br><br> **Defendants**. ) | No. CV-16-00555 SJO (SSx) <br><br> **STIPULATED** <br> **PRELIMINARY INJUNCTION** |

The stipulation of Plaintiff Federal Trade Commission ("FTC" or Commission") and Defendants Telestar Consulting, Inc. ("Telestar" or "Corporate Defendant") and Karl Wesley Angel ("Angel" or "Individual Defendant") came before this Court, and pursuant to that stipulation the court enters the following order.

**IT IS HEREBY ORDERED** that:

By stipulation of the parties and being advised in the premises, the Court finds:

1.     This Court has jurisdiction over the subject matter of this case.

2.     Venue is proper in this District.

3.     Defendants do not contest the entry of a preliminary injunction and appointment of Thomas W. McNamara as monitor ("Monitor") over Telestar.

4.     Without admitting or denying any allegations of the Complaint (except as to personal and subject matter jurisdiction under the instant Complaint, which Defendants admit), Defendants consent and stipulate to the entry of a preliminary injunction in the form as evidenced below.

5.     Defendants waive the entry of findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 65.

6.     No security is required of any agency of the United States for the issuance of a preliminary injunction. Fed. R. Civ. P. 65(c).

7.     Defendants agree that the Court may enter a preliminary injunction in the form as evidenced below without further notice or hearing.

## ORDER
## DEFINITIONS

For purposes of this Preliminary Injunction, the following definitions shall apply:

1.    "**Asset**" or "**Assets**" means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes," (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2.    "**Assisting others**" includes, but is not limited to:

a.    performing customer service functions, including, but not limited to, receiving or responding to consumer complaints;

b.    formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including, but not limited to, any telephone sales script, direct mail solicitation, or the design, text, or use of images of any internet website, email, or other electronic communication;

c.    formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including, but not limited to, web or internet protocol addresses or domain name registration for any internet websites, affiliate marketing services, or media placement services;

d.    providing names of, or assisting in the generation of, potential customers;

e.    performing marketing, billing, or payment services of any kind; and

f.    acting as an owner, officer, director, manager, or principal of any entity.

3.    "**Consumer**" and "**Customer**" means any Person to whom any Defendant has sent merchandise for use in the Person's business, or from whom

Federal Trade Commission
915 2ⁿᵈ Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1  any Defendant has attempted to collect payment for merchandise which has been

2  or will be sent, whether or not a sale is actually consummated.

3      4.     "**Corporate Defendant**" means Telestar Consulting, Inc. ("Telestar"),

4  also doing business as Kleritec and United Business Supply.

5      5.     "**Defendants**" means the Individual and Corporate Defendants,

6  individually, collectively, or in any combination.

7      6.     "**Document**" and "**Electronically Stored Information**" are

8  synonymous in meaning and equal in scope to the usage of the term in Federal

9  Rule of Civil Procedure 34(a), and include but are not limited to:

10      a.     The original or a true copy of any written, typed, printed,

11  electronically stored, transcribed, taped, recorded, filmed, punched, or

12  graphic matter or other data compilations of any kind, including, but not

13  limited to, letters, email or other correspondence, messages, memoranda,

14  interoffice communications, notes, reports, summaries, manuals, magnetic

15  tapes or discs, tabulations, books, records, checks, invoices, work papers,

16  journals, ledgers, statements, returns, reports, schedules, or files; and

17      b.     Any electronically stored information stored on any server,

18  Blackberrys or any type of mobile communications device, flash drives,

19  personal digital assistants ("PDAs"), desktop personal computer and

20  workstations, laptops, notebooks, and other portable computers, or other

21  electronic storage media, whether assigned to individuals or in pools of

22  computers available for shared use, or personally owned but used for work-

23  related purposes; backup disks and tapes, archive disks and tapes, and other

24  forms of offline storage, whether stored onsite with the computer used to

25  generate them, stored offsite in another company facility, or stored, hosted,

26  or otherwise maintained offsite by a third-party; and computers and related

27  offline storage used by Defendants or Defendants' participating associates,

28

*FTC v. Telestar Consulting, Inc. et al.*
Stipulated Preliminary Injunction        4        Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1    which may include persons who are not employees of the company or who

2    do not work on company premises.

3    7.    "**Electronic Data Host**" means any person or entity in the business of

4    storing, hosting, or otherwise maintaining electronically stored information.

5    8.    "**Financial Institution**" means any bank, savings and loan institution,

6    credit union, or any financial depository of any kind, including, but not limited to,

7    any brokerage house, trustee, broker-dealer, escrow agent, title company,

8    commodity trading company, precious metal dealer, credit or bank debit

9    processing agent, automated clearing house processor, network transaction

10   processor, or other payment processor.

11   9.    "**Individual Defendant**" means Karl Wesley Angel.

12   10.   "**Material**" means likely to affect a person's choice of, or conduct

13   regarding, goods or services.

14   11.   "**Person**" means a natural person, an organization or other legal

15   entity, including a corporation, partnership, sole proprietorship, limited liability

16   company, association, cooperative, or any other group or combination acting as an

17   entity.

18   12.   "**Plaintiff**" means the Federal Trade Commission.

19   13.   "**Telemarketing**" means a plan, program, or campaign which is

20   conducted to induce the purchase of goods or services or a charitable contribution,

21   by use of one or more telephones and which involves more than one interstate

22   telephone call, whether inbound or outbound.

23   14.   "**Unordered merchandise**" means merchandise mailed, shipped, or

24   delivered without the prior express request or consent of the recipient.

25   15.   The terms "**and**" and "**or**" shall be construed conjunctively or

26   disjunctively as necessary to make the applicable phrase or sentence inclusive

27   rather than exclusive.

28

## I.     PROHIBITED CONDUCT

**IT IS HEREBY ORDERED** that in connection with the marketing, sale, offering for sale, or distribution of merchandise to small businesses and other persons, Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division or other device, or any of them:

A.     Are hereby temporarily restrained and enjoined from the following conduct:

    1.     <u>Unordered Merchandise Restrictions</u>:

        a.     Shipping any good to consumers without the prior express request or consent of the recipient, or without identifying the good as a free sample; and

        b.     Sending, mailing, or shipping a bill or bills to consumers, or otherwise communicating with consumers and requesting payment, for products or services that have been provided to such consumers without their prior express request or consent;

    2.     <u>Prohibited Representations</u>:  Misrepresenting, expressly or by implication, any of the following:

        a.     That consumers have ordered, agreed to pay for, or are otherwise obligated to pay for goods shipped and/or billed to consumers by Defendants;

        b.     That Defendants were shipping, or have shipped, a "backorder" that is part of any consumer's prior order;

*FTC v. Telestar Consulting, Inc. et al.*
Stipulated Preliminary Injunction        6        Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

c.     That consumers have agreed to accept or pay for multiple shipments of goods from Defendants; or

d.     Any other fact material to a consumer's decision whether to purchase or pay for Defendants' goods;

3.   <u>Required Disclosures</u>:  Failing to disclose truthfully, in a clear and conspicuous manner, when Defendants offer a package of goods for use in connection with the consumer's business at a particular price:

a.     The total amount Defendants will charge consumers;

b.     The quantity of materials consumers will receive; and

c.     All material restrictions, limitations, or conditions to purchase, receive, or use the goods that are the subject of Defendants' sales offer; and

4.   <u>Prohibited TSR Violations</u>:  Violating, or assisting others in violating, any provision of the TSR, in connection with telephone calls to induce the retail sale of nondurable office or cleaning supplies, including, but not limited to:

a.     Section 310.3(a)(4) of the TSR, 16 C.F.R. § 310.3(a)(4), by making false and misleading statements in order to induce a consumer to pay for goods, including, but not limited to, misrepresenting that the consumer ordered or agreed to purchase goods that were to be, or had been, shipped and/or billed to the consumer by Defendants, or otherwise misrepresenting that consumers were obligated to pay; and

b.      Section 310.3(a)(1)(i)-(ii) of the TSR, 16 C.F.R. § 310.3(a)(1)(i)-(ii), by failing to disclose truthfully, in a clear and conspicuous manner, before a customer consents to pay, the total costs to purchase, receive, or use, or the quantity of, the goods that are the subject of the sales offer; and all material restrictions, limitations, or conditions to purchase, receive, or use the goods that are the subject of the sales offer.

B.      *Provided that*, notwithstanding Sections I.A. 1-4, Defendants may sell goods to consumers online, through written orders, and make "Permitted Sales," which are sales through wholesale distribution to retailers and sales to consumers (ultimate end users) in response to orders submitted by consumers online or via other written documents submitted by email or mail, including sales solicited through the Corporate Defendant's websites, www.natureplayart.com and www.medistaph.com,www.medistaph.com, provided that Defendants do not engage in telemarketing of their goods to consumers, and provided that Defendants maintain records of online orders and other written orders for at least two years from the date of each order, and provided that Defendants do not engage in telemarketing of their goods to consumers ("Permitted Sales").  Each record of such a sale shall document that, before any merchandise was shipped, the consumer agreed (1) to purchase a specified quantity of each different type of merchandise, (2) to pay the total costs of the purchase (including not only the materials' price, but any other costs, including but not limited to, shipping or insurance), and (3) to be subject to all material restrictions, limitations, or conditions to purchase, receive, or use the goods or services that are the subject of the sales offer.  As such, notwithstanding the other Paragraphs of this Order and

subject to the Monitor's duties and authorities, Defendants shall be entitled to take the following actions to facilitate the Permitted Sales:

1.    Defendants shall be permitted access to the Corporate Defendants' office and warehouse facilities;

2.    Defendants shall be permitted to use the Corporate Defendant's office equipment and supplies (*e.g.,* computers, printers) located at Corporate Defendant's office to the extent that such use facilitates the Permitted Sales;

3.    Defendants shall be permitted access to send and receive email communication using email addresses registered with the web domain name of natureplayart.com or medistaph.com;

4.    Defendants shall be permitted to communicate and contract with other companies, including but not limited to vendors, marketing firms, product manufacturers, designers, shipping companies and programmers, provided that the contracts are necessary to facilitate the Permitted Sales and the contracts do not encumber more than the Working Capital as defined in Section IV.C.2;

5.    The Corporate Defendant shall be permitted to retain three employees for the purposes of facilitating the Permitted Sales, and may be permitted to retain more, provided that the Corporate Defendant obtains the written consent of the Monitor;

6.      Defendants shall be permitted to contact former customers of Telestar through written email communications by way of the natureplay.com or medistaph.com emails, or by regular mail, directing former customers to visit www.natureplayart.com or www.medistaph.com to order products online, provided that no orders are made using only email communications;

7.      Defendants shall be entitled to sell the inventory located at the Corporate Defendants' office, provided that Defendants reimburse the Corporate Defendant with monies covering the cost of goods sold within one month of receipt of payment; and

8.      Defendants shall be permitted to use the profits of the Permitted Sales as further working capital to facilitate the Permitted Sales as well as for general business expenses (such as salaries).

## II.      SUSPENSION ON COLLECTION OF ACCOUNTS

**IT IS FURTHER ORDERED** that, except as required by a law enforcement agency, law, regulation or court order, Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are preliminarily restrained and enjoined from attempting to collect payment for goods from consumers, directly or through any collection agent, except that Defendants may, for sales in compliance with Sections I.A.1-4, through a Monitor-controlled staff, attempt to collect on outstanding invoices under a procedure agreed to by the Monitor, Defendants, and Plaintiff Federal Trade Commission.

### III.   PROHIBITION ON USE AND RELEASE OF CONSUMER INFORMATION

**IT IS FURTHER ORDERED** that, except as required by a law enforcement agency, law, regulation or court order, Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are preliminarily restrained and enjoined from selling, disclosing, using, or benefiting from consumer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a consumer's account (including a credit card, bank account, or other financial account), of any person which any Defendant obtained prior to entry of this Order.

### IV.   ASSET FREEZE

**IT IS FURTHER ORDERED** that:

A.   Defendants are hereby preliminarily restrained and enjoined from directly or indirectly:

1.   Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, consumer debt portfolios, consumer lists, or any other assets, or any interest therein, wherever located, including outside the United States, that are:

a.   owned or controlled, directly or indirectly, by any Defendant, in whole or in part, or held, in whole or in part for the benefit of any Defendant;

Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

      b.      in the actual or constructive possession of any Defendant; or

      c.      owned, controlled by, or in the actual or constructive possession of any corporation, partnership, trust, foundation, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Defendant,

      d.      including but not limited to assets in any account at any Financial Institution, customer service agent, commercial mail receiving agency, mail holding or forwarding company, retirement fund custodian, money market or mutual fund, storage company or any other third party, including any retainers or other funds held in trust by counsel for any Defendant;

2.      Opening, causing to be opened, or otherwise accessing any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant(s), or subject to access by any Defendant without providing the Commission prior notice and an opportunity to inspect the contents in order to determine that they contain no assets covered by this Section;

3.      Incurring charges or cash advances on any credit card, debit card, or checking card issued in the name, singly or jointly, of any Defendant;

4.      Obtaining a personal or secured loan; and

5.      Cashing any checks from consumers, clients, or customers of any Defendant.

*FTC v. Telestar Consulting, Inc. et al.*
Stipulated Preliminary Injunction        12        Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

B.   The funds, property and assets affected by this Section shall include:

1.   all assets of each Defendant as of the time this Order is entered, and

2.   those assets obtained after entry of this Order that derive from or otherwise relate to the Defendants' activities described in Plaintiff's Complaint that predate entry of this Order.

C.   *Provided that*, notwithstanding Sections IV.A.- B., Defendants may:

1.   Receive a transfer of up to $50,000, plus additional funds if necessary for the implementation of a telephone recording system approved by the Monitor, from an account previously established by the Monitor for payment of outstanding invoices for services rendered and product received prior to February 3, 2016;

2.   Encumber real property owned by Defendants, by borrowing up to $350,000, secured by the Corporate Defendant's property located at 15823 W. Monte Street, Sylmar, California 91342 or the Individual Defendant's Beverly Hills, California, residence for the purpose of providing working capital for Defendants' future online sales and wholesale sales to retailers ("Working Capital"). Individual Defendant may withdraw these funds from an existing home equity line of credit on the Individual Defendant's Beverly Hills, California, residence with the account number ending in 3499 at Bank of America;

3.   Withdraw up to $33,000 from the account number ending in 5298 at Bank of America (Merrill Edge account) in the name of

Defendant Angel and his wife, and deposit these funds into a newly opened account, not subject to the asset freeze, for the purpose of providing actual, ordinary and necessary living expenses for the next three months, provided that Defendants shall report monthly to counsel for the Commission, no later than the 7th business day after the end of the previous month, on all payments from this account;

4.   Withdraw up to $15,173.70 from the account number ending in 1007 at Bank of America for the sole purpose of paying past due real estate property taxes on the property located at 15823 Monte Street, Sylmar, California for the purposes of asset preservation;

5.   Withdraw up to $12,897.06 from the account number ending in 1007 at Bank of America for the sole purpose of paying past due real estate property taxes on the Individual Defendant's Beverly Hills, California, residence for the purposes of asset preservation; and

6.   Withdraw $89,600 from the account number ending in 5298 at Bank of America (Merrill Edge account) for payment of reasonable attorneys' fees and costs already incurred in the defense of this action, and deposit the funds into a trust account maintained by Defendants' attorneys, which shall be paid to Defendants' attorneys for attorney's fees, if approved by the Court and agreed to by Plaintiff Federal Trade Commission.

7.      Nothing in this Section prohibits Defendants from applying to the Court for the release of additional funds from any currently frozen assets for payment of reasonable attorneys' fees and costs or reasonable living expenses.

This Section does not prohibit transfers to the Monitor, nor does it prohibit the repatriation of foreign assets, as specifically required in Section VIII (Repatriation of Foreign Assets) of this Order.

## V.      RETENTION OF ASSETS AND RECORDS BY FINANCIAL INSTITUTIONS AND OTHER THIRD PARTIES

**IT IS FURTHER ORDERED** that any Financial Institution, trust, entity, or person that holds, controls, or maintains custody of any account or asset owned or controlled, directly or indirectly, by any Defendant, or has held, controlled, or maintained any account or asset of, or on behalf of, any Defendant, upon service with a copy of this Order, shall:

A.      Hold and retain within its control and prohibit Defendants from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, gifting, or otherwise disposing of any of the assets, funds, or other property held by or on behalf of any Defendant in any account maintained in the name of or for the benefit of any Defendant, in whole or in part, except as directed by further order of the Court or as directed in writing by the Monitor regarding accounts, documents, or assets held in the name of or for the benefit of any Corporate Defendant;

B.      Provide the Monitor, the Monitor's agents, Plaintiff, and Plaintiff's agents immediate access to electronically stored information stored, hosted, or otherwise maintained on behalf of any Defendant for forensic imaging;

C.     Deny the Defendants access to any safe deposit box titled in the name of any Defendant, individually or jointly, or subject to access by any Defendant, whether directly or indirectly;

D.     Provide counsel for Plaintiff and the Monitor, within **three (3)** business days after being served with a copy of this Order, a certified statement setting forth:

      1.    The identification number of each such account or asset titled:

            a.    In the name, individually or jointly, of any Defendant;

            b.    Held on behalf of, or for the benefit of, any Defendant;

            c.    Owned or controlled by any Defendant; or

            d.    Otherwise subject to access by any Defendant, directly or indirectly;

      2.    The balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted;

      3.    The identification of any safe deposit box that is either titled in the name of any Defendant, or is otherwise subject to access by any Defendant; and

      4.    If an account, safe deposit box, or other asset has been closed or removed, the date closed or removed, the balance on such date, and the manner in which such account or asset was closed or removed.

E.     Provide counsel for Plaintiff and the Monitor, within **three (3)** business days after being served with a request, copies of all documents pertaining

*FTC v. Telestar Consulting, Inc. et al.*
Stipulated Preliminary Injunction        16        Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

to such account or asset, including but not limited to originals or copies of account applications, account statements, underwriting files, chargeback records, customer complaints, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; *provided that* such institution or custodian may charge a reasonable fee.

## VI.   CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning any Defendant pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiff.

## VIII.   REPATRIATION OF FOREIGN ASSETS

**IT IS FURTHER ORDERED** that, within **five (5)** business days following the service of this Order, each Defendant shall, except to the extent that these acts have previously been completed pursuant to the Temporary Restraining Order previously entered in this matter:

A.   Provide counsel for the FTC and the Monitor with a full accounting of all assets, accounts, funds, and documents outside of the territory of the United States that are held either: (1) by them; (2) for their benefit; (3) in trust by or for them, individually or jointly; or (4) under their direct or indirect control, individually or jointly;

B.   Transfer to the territory of the United States all assets, accounts, funds, and documents in foreign countries held either: (1) by them; (2) for their benefit; (3) in trust by or for them, individually or jointly; or (4) under their direct or indirect control, individually or jointly;

C. Hold and retain all repatriated assets, accounts, funds, and documents, and prevent any transfer, disposition, or dissipation whatsoever of any such assets, accounts, funds, or documents; and

D. Provide the FTC and the Monitor access to all records of accounts or assets of the Corporate Defendants and Individual Defendants held by financial institutions located outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order as **Attachment C**.

## IX.   NON-INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants, and each of their successors, assigns, members, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are hereby preliminarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by Section VIII (Repatriation of Foreign Assets) of this Order, including but not limited to:

A. Sending any communication, statement, letter, fax, e-mail or wire transmission, telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement, until such time that all assets have been fully repatriated pursuant to Section VIII (Repatriation of Foreign Assets) of this Order; and

B. Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact

*FTC v. Telestar Consulting, Inc. et al.*
Stipulated Preliminary Injunction          18          Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

that repatriation is required pursuant to a Court Order, until such time that all assets have been fully repatriated pursuant to Section VIII (Repatriation of Foreign Assets).

## X.      APPOINTMENT OF MONITOR

**IT IS FURTHER ORDERED** that Thomas W. McNamara shall be appointed as Monitor for the business activities of the Defendants. The Monitor shall be the agent of this Court and solely the agent of this Court in acting as Monitor under this Order. The Monitor shall be accountable directly to this Court.

## XI.     DUTIES OF MONITOR

**IT IS FURTHER ORDERED** that the Monitor is directed and authorized to accomplish the following:

A.      Monitor the Defendants' compliance with this Order by: (1) identifying and reviewing the Defendants' marketing materials, time sheets, call logs, call detail records, collection records, reports or other documents that reflect the Defendants' business activities; (2) ensuring the Defendants provided actual notice of this Order, by personal service or otherwise, to their employees, affiliates or independent contractors, including, but not limited to, sales agents and other entities or persons who participate with Defendants, and have taken appropriate steps to ensure their compliance with the conduct prohibitions provided in this Order; and (3) whatever other means the Monitor finds appropriate;

B.      The Monitor shall have immediate, unfettered access to all information or documents the Monitor deems necessary to carry out the Monitor's duties under this Order, to the same extent as the Defendants themselves are allowed by right, contract, or practice,

including but not limited to:

1.    Access to all documents pertaining to the Defendants' business activities and finances wherever located and in whomever's custody or control;

2.    Access to Defendants' business premises, including but not limited to those located at 15823 W. Monte Street, Sylmar, California 91342;

3.    The right to interview any current or former employee of the Defendants and other representatives of the Defendants to obtain and copy pertinent information;

4.    The right to copy or image all documents that the Monitor deems necessary to carry out the Monitor's duties under this Order;

5.    The right to select other employees of Monitor's organization as the Monitor deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

6.    Perform all acts necessary or advisable to preserve the value of the Monitorship assets (Corporate Defendant's assets other than the Working Capital) in order to prevent any irreparable loss, damage, or injury to consumers or to creditors of the Corporate Defendant, including, but not limited to, obtaining an accounting of the assets and preventing transfer, withdrawal, or misapplication of assets;

7.    Take depositions and issue subpoenas to obtain documents and records pertaining to the Monitorship estate and compliance with this Order. Subpoenas may be served by agents or

*FTC v. Telestar Consulting, Inc. et al.*
Stipulated Preliminary Injunction        20        Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

attorneys of the Monitor and by agents of any process server retained by the Monitor;

8.   Open one or more bank accounts in the Central or Southern District of California as designated depositories for funds of the Corporate Defendant. The Monitor shall deposit all funds of the Corporate Defendant in such a designated account and shall make all payments and disbursements from the Monitorship estate from such account(s);

9.   Maintain accurate records of all receipts and expenditures that the Monitor makes as Monitor;

10.  Be responsible for maintaining the chain of custody of all of Defendants' records in his possession, in a manner approved by the FTC; and

11.  Make payments and disbursements from the Monitorship estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order.

## XII.   COOPERATION WITH MONITOR

**IT IS FURTHER ORDERED** that:

A.   Defendants, and their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, all other persons or entities in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, shall fully cooperate with and assist the Monitor.  Defendants' cooperation and assistance shall include, but not be limited to:

1.   Providing any information to the Monitor that the Monitor deems necessary to exercising the authority and discharging the responsibilities of the Monitor under this Order, including but not limited to allowing the Monitor to inspect documents and assets and to partition office space;

2.   Providing any password and executing any documents required to access any computer or electronic files in any medium, including but not limited to electronically stored information stored, hosted or otherwise maintained by an electronic data host; and

3.   Advising all persons who owe money to the Corporate Defendant that all debts should be paid directly to the Monitor.

B.   Defendants and their officers, directors, agents, servants, employees, attorneys, successors, assigns, and all other persons or entities directly or indirectly, in whole or in part, under their control, and all other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby temporarily restrained and enjoined from directly or indirectly:

1.   Transacting any of the business of the Corporate Defendant, except as specifically allowed in Section I.B.;

2.   Destroying, secreting, erasing, mutilating, defacing, concealing, altering, transferring or otherwise disposing of, in any manner, directly or indirectly, any documents, electronically stored information, or equipment of any Defendant, including but not limited to contracts, agreements, consumer files, consumer lists, consumer addresses and telephone numbers, debt portfolios, correspondence, advertisements, brochures, sales material, sales presentations, documents evidencing or referring to

Defendants' services, collection practices, training materials, scripts, data, computer tapes, disks, or other computerized records, books, written or printed records, handwritten notes, telephone logs, "verification" or "compliance" tapes or other audio or video tape recordings, receipt books, invoices, postal receipts, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, photographs, mobile devices, electronic storage media, accessories, and any other documents, records or equipment of any kind that relate to the business practices or business or personal finances of the Defendants or any other entity directly or indirectly under the control of the Defendants;

3. Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Corporate Defendant, or the Monitor;

4. Excusing debts owed to the Corporate Defendant;

5. Failing to notify the Monitor of any asset, including accounts, of a Corporate Defendant held in any name other than the name of the Corporate Defendant, or by any person or entity other than the Corporate Defendant, or failing to provide any assistance or information requested by the Monitor in connection with obtaining possession, custody, or control of such assets;

6. Failing to create and maintain books, records, and accounts which, in reasonable detail, accurately, fairly, and completely

reflect the incomes, assets, disbursements, transactions and use of monies by the Defendants or any other entity directly or indirectly under the control of the Defendants;

7.   Doing any act or refraining from any act whatsoever to interfere with the Monitor's taking custody, control, possession, or managing of the assets or documents subject to this Monitorship; or to harass or to interfere with the Monitor in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Corporate Defendant; or to refuse to cooperate with the Monitor or the Monitor's duly authorized agents in the exercise of their duties or authority under any Order of this Court;  and

8.   Filing, or causing to be filed, any petition on behalf of the Corporate Defendant for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.,* without prior permission from this Court.

## XIII.        COMPENSATION FOR MONITOR

**IT IS FURTHER ORDERED** that the Monitor and all personnel hired by the Monitor as herein authorized, including counsel to the Monitor and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order, and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by or in the possession or control of, or which may be received by, the Corporate Defendant.  The Monitor shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than **sixty (60)** days after the date of this Order.  The Monitor shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XIV.    MONITOR'S REPORTS

**IT IS FURTHER ORDERED** that the Monitor is directed to report to this Court on the Monitor's findings, including, if appropriate:

A.    The Defendants' compliance with this Order;

B.    The Defendants' business activities as permitted by Section I.B.; and

C.    Any other matters which the Monitor believes should be brought to the Court's attention.

*Provided, however,* if any of the required information would hinder the Monitor's ability to pursue Monitorship assets, the portions of the Monitor's report containing such information may be filed under seal and not served on the parties.

## XV.    NO BOND REQUIREMENT

**IT IS FURTHER ORDERED** that no bond shall be required in this matter:

A.    The United States and its agencies as moving party are not required to give security under Federal Rule of Civil Procedure 65(c).

B.    No bond shall be required in connection with the appointment of the Monitor.  Except for an act of gross negligence, the Monitor and the professionals shall not be liable for any loss or damage incurred by any of the Defendants, their officers, agents, servants, employees, and attorneys or any other Person, by reason of any act performed or omitted to be performed by the Monitor and the professionals in connection with the discharge of his or her duties and responsibilities.

## XVI.    STAY OF ACTIONS

**IT IS FURTHER ORDERED** that:

A.    Except by leave of this Court, during pendency of the Monitorship ordered herein, Defendants and all other persons and entities be and hereby are

*FTC v. Telestar Consulting, Inc. et al.*
Stipulated Preliminary Injunction                25                Federal Trade Commission
                                                                    915 2nd Ave., Ste. 2896
                                                                    Seattle, Washington 98174
                                                                    (206) 220-6350

stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of, the Corporate Defendants, any of their subsidiaries, affiliates, partnerships, assets, documents, or the Monitor or the Monitor's duly authorized agents acting in their capacities as such, including, but not limited to, the following actions:

1. Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

2. Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest in any asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

3. Executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; or

4. Doing any act or thing whatsoever to interfere with the Monitor taking custody, control, possession, or management of the assets or documents subject to this Monitorship, or to harass or interfere with the Monitor in any way, or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Corporate Defendants;

B. This Section XVI does not stay:

1. The commencement or continuation of a criminal action or proceeding;

2. The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

3. The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or

4. The issuance to a Corporate Defendant of a notice of tax deficiency.

C. Except as otherwise provided in this Order, all persons and entities in need of documentation from the Monitor shall in all instances first attempt to secure such information by submitting a formal written request to the Monitor, and, if such request has not been responded to within **thirty (30)** days of receipt by the Monitor, any such person or entity may thereafter seek an Order of this Court with regard to the relief requested.

## XVII.     LIMITED EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that the FTC and the Monitor are granted leave to conduct certain expedited discovery, and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 34, and 45 of the Federal Rules of Civil Procedure, expedited discovery as to parties and non-parties shall proceed as follows:

A. The FTC and the Monitor may, upon **seven (7)** calendar days' notice, take the deposition of any person or entity, whether or not a party, in any judicial district, for the purpose of discovering: (1) the assets of Defendants; (2) location of documents; and (3) compliance with this Order. Depositions may be conducted telephonically or in person. Deposition transcripts that have not been signed by the witness may be used at the preliminary injunction hearing in this matter. *Provided that*, notwithstanding Federal Rule of Civil Procedure 30(a)(2), this Section shall

not preclude any future depositions by the FTC. *Provided further*, that any deposition taken pursuant to this Section shall be in addition to, and not subject to, the presumptive limits on depositions set forth in Federal Rule of Civil Procedure 30(a)(2)(A).

B.    The FTC and the Monitor may serve interrogatories for the purpose of discovering:  (1) the assets of Defendants; (2) location of documents; and (3) compliance with this Order.  Defendants shall respond within **seven (7)** calendar days after the FTC serves such interrogatories.  *Provided that*, notwithstanding Federal Rule of Civil Procedure 33(a)(1), this subsection shall not preclude any future interrogatories by the FTC.

C.    The FTC and the Monitor may, upon **seven (7)** calendar days' notice, including through the use of a Rule 45 Subpoena, demand the production of documents from any person or entity, whether or not a Defendant, relating to: (1) the assets of Defendants; (2) the location of documents; and (3) compliance with this Order.  *Provided that* **two (2)** calendar days' notice shall be deemed sufficient for the production of any such documents that are maintained or stored only as electronic data.

D.    The FTC and the Monitor are granted leave to subpoena documents immediately from any financial institution, account custodian, or other entity or person that holds, controls, or maintains custody of any account or asset of any Defendant(s), or has held, controlled or maintained custody of any account or asset of any Defendant(s).  The subject of such Subpoena may include the nature, location, status, and extent of Defendants' assets, and compliance with this Order, and such financial institution, account custodian or other entity shall respond to such subpoena within **five (5)** business days after service.

E.    For purposes of discovery pursuant to this Section, service shall be sufficient if made by facsimile or by overnight courier to any branch or location.

## XVIII.      MONITORING

**IT IS FURTHER ORDERED** that employees, agents, or representatives of the FTC may contact Defendants or Defendants' employees, agents, or representatives directly and anonymously for the purpose of monitoring compliance with this Order, and may tape record any oral communications that occur in the course of such contacts.

## XIX.      SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile, U.S. first class mail, private courier, email, or other electronic means, by agents and employees of the FTC or any state or federal law enforcement agency or by private process server, on Defendants or any other persons or entities that may be subject to any provision of this Order.

## XX.      DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that within **three (3)** calendar days after service of this Order, Defendants shall provide a copy of this Order to each of their agents, employees, directors, officers, subsidiaries, affiliates, attorneys, independent contractors, representatives, franchisees, and all persons in active concert or participation with Defendants.  Within **five (5)** calendar days following this Order, Defendants shall provide the FTC with an affidavit identifying the names, titles, addresses, and telephone numbers of the persons that Defendants have served with a copy of this Order in compliance with this provision.

## XXI.      CORRESPONDENCE WITH PLAINTIFF

**IT IS FURTHER ORDERED** that, for the purposes of this Order, because mail addressed to the FTC is subject to delay due to heightened security screening, all correspondence and service of pleadings on Plaintiff shall be sent either via electronic transmission or via Federal Express to: Maxine Stansell, Federal Trade

Commission, 915 2nd Ave., Suite 2896.  Email: mstansell@ftc.gov; Telephone: (206) 220-4474; Facsimile: (206) 220-6366.

## XXII.     JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

The hearing on the Preliminary Injunction set for March 28, 2016 is vacated. No appearance is required.

**IT IS SO ORDERED**.

Dated:  March _24___, 2016.

_____
HON. S. JAMES OTERO
UNITED STATES DISTRICT JUDGE